UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRAD CUNNINGHAM,

                Plaintiff,

    v.

BRIAN E. BELLEQUE et al.,

                Defendants.

No. CV-03-1239-MO

OPINION AND ORDER

**MOSMAN, J.,**

Brad Cunningham, an inmate in state prison, brought this action pursuant to 42 U.S.C. § 1983 claiming deliberate indifference to his medical needs. He hopes to obtain damages and injunctive relief in the form of receiving health care. Before the court is defendants' motion for summary judgment (#81) on the basis of (1) exhaustion, (2) Eleventh Amendment immunity, (3) qualified immunity, and (4) the unavailability of respondeat superior liability under § 1983. There are also various motions by Mr. Cunningham pending before the court. For the reasons, that follow, the court grants defendants' motion for summary judgment (#81) on the ground that defendants are entitled to qualified immunity. All remaining pending motions are denied as moot.

## Background

Mr. Cunningham is an inmate at the Oregon State Penitentiary in Salem, Oregon. His first examination regarding his health relevant to this suit was on September 19, 2002. At this examination, Dr. John Vargo ordered chest x-rays, a lab work-up, and an electrocardiogram in

response to Mr. Cunningham's complaint of coughing up phlegm. Between the time of that first examination and June 2004, Mr. Cunningham had been seen regarding his medical and dental issues over 25 times, received x-rays at least six times, and taken or been prescribed over ten medications. At those examinations, Mr. Cunningham complained of breathing difficulty and extreme congestion, methicillin resistant staphylococcus aureus (MSRA) (a skin infection), and extreme tooth and jaw pain as a result of a cavity. Presently, he lodges the same complaints.

Furthermore, Mr. Cunningham asserts the prison's doctors have misdiagnosed his medical conditions, supplied drugs that were less effective than available alternatives, proscribed drugs that were not effective at all, and committed medical malpractice. More specifically, Mr. Cunningham avers that Dr. George Degner refuses to order any tests to determine whether Mr. Cunningham has cancer in his throat region and refuses to renew prescriptions for Flonase and Clarinex, instead, replacing them with other less effective drugs. He contends the drug Linezolid is the only effective treatment for MRSA yet it is not being provided and that removing his rotten molar will destroy his dental bridge resulting in irreparable injury to his teeth and jaw. Mr. Cunningham buoys some of his assertions with the opinion of Dr. James F. Parosa of Salem Pulmonary Associates who proscribed Flonase, Clarinex, and Linezolid for the treatment of some of Mr. Cunningham's ailments. As a result of the foregoing problems, Mr. Cunningham complains of being in constant extreme pain.

In September 2004, this court entered an order granting defendants' summary judgment motion and denying plaintiff's motions as moot. The decision rested on the arguments made by defendants that Mr. Cunningham failed to exhaust his administrative remedies as required by the PLRA, and that the Eleventh Amendment prevented liability because defendants were sued in

their official capacities. Mr. Cunningham appealed, and in October 2005, the Ninth Circuit issued its decision vacating and remanding the court's ruling on exhaustion due to intervening cases, which changed the law, and reversing outright on the Eleventh Amendment grounds. After the remand, the Supreme Court granted certiorari in one of the intervening cases to examine the law concerning exhaustion under the PLRA.

Thereafter, defendants filed a motion to hold this case in abeyance pending a ruling from the Supreme Court. Mr. Cunningham objected to this motion, and this court denied the stay and proceed by (1) seeing if the motion could be resolved on the two remaining issues not yet addressed (qualified immunity & respondeat superior liability) and (2) if not, then applying the intervening Ninth Circuit cases addressing exhaustion.

**Discussion**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Evaluating whether a genuine issue of material fact exists requires the court to view the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations and citation omitted).

A.   Qualified Immunity

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Entitlement to qualified immunity must be evaluated under a two-part inquiry.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The first inquiry is whether, in the light most favorable to the party asserting the injury, the facts show that the officials' conduct violated a constitutional right.  *Id*.  If the answer to the first question is no, then the officials are entitled to qualified immunity.  *Id*.  On the other hand, if the answer is yes, then the court asks a second question, whether the right violated was "clearly established" such that "a reasonable official would understand that what he is doing violates that right."  *Id*. at 202.  Furthermore, the second inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Brosseau v. Haugen*, 543 U.S. 194, 198 (quoting *Saucier*, 533 U.S. at 201).

Prison officials are required to provide medical care to inmates.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  A failure to do so may rise to the level of "deliberate indifference to [the] serious medical needs of prisoners [which] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Id.* at 104 (internal quotations and citation omitted).  Thus, there are two elements that a prisoner must establish to state a cognizable claim of deliberate medical indifference: (1) a serious medical need and (2) deliberate indifference to that need.  *See generally id.*   The first element is an objective inquiry, whereas the second element is a subjective state of mind inquiry.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

1.   Serious medical need

A serious medical need exists "if the failure to treat a prisoner's condition could result in

further significant injury." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). Examples of a serious medical need requiring treatment include: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60.

Here, Mr. Cunningham has shown that he has had and continues to have serious medical needs requiring treatment. His pulmonary problems, skin infection (MRSA), and dental problems are serious medical problems that have resulted in doctor commentary and treatment. Thus, Mr. Cunningham has satisfied the first element in an Eight Amendment medical indifference claim.

    2.    Deliberate indifference

The deliberate indifference element requires a state of mind inquiry because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In other words and more specifically, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Consequently, "[a] difference of [medical] opinion does not amount to . . . deliberate indifference." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Instead deliberate indifference occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S.

PAGE 5 - OPINION AND ORDER

at 837.

Here, Mr. Cunningham has not shown that defendants were deliberately indifferent to his serious medical needs. No evidence has been presented that any of the defendants have known and disregarded an excessive risk to Mr. Cunningham's health. Instead, Mr. Cunningham has been seen regarding his medical and dental issues over 25 times, has received x-rays at least six times, and taken or been prescribed over ten medications in a span of less than two years. Every problem that Mr. Cunningham has complained of has been given attention numerous times by a doctor or dentist on the prison staff. Mr. Cunningham has not pointed out any medical or dental complaint that did not receive timely treatment. He may disagree with a diagnosis but that is not enough to find deliberate indifference on the part of defendants. Furthermore, Dr. Parosa's opinions, which are provided via Mr. Cunningham and not by way of affidavit, cannot be construed to be anything more than a difference of medical opinion. Thus, Mr. Cunningham cannot satisfy the second element in an Eight Amendment medical indifference claim.

As a result of failing to establish a Eight Amendment medical indifference claim Mr. Cunningham is unable to show that prison officials' conduct violated one of his constitutional rights. Defendants are entitled to qualified immunity.

### B. Respondeat superior liability

Respondeat superior is a common law principle that as a general matter holds employers liable for the torts or constitutional violations of their employees that occur within the scope of employment. *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1577 n.28 (9th Cir. 1990). However, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691

(1978). Instead, a supervisor is "liable under § 1983 if he sets in motion a series of acts by others . . ., which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005) (internal quotations and citation omitted). Otherwise, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in . . . the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Mr. Cunningham has failed to state a claim with regard to defendants Belleque and Cahal. Mr. Belleque is the superintendent of the Oregon State Penitentiary and Mr. Cahal was at that time the Health Services Manager. Mr. Cunningham has not alleged any facts that would show Mr. Belleque or Mr. Cahal participated in, knew about, or failed to prevent any constitutional violations. Thus, even assuming violations occurred, Mr. Belleque and Mr. Cahal are not liable for them as supervisors because there is no respondeat superior liability under section 1983.

**Conclusion**

Defendants' motion for summary judgment (#81) is GRANTED as to all defendants based on qualified immunity, and as to defendants Belleque and Cahal based on a lack of superior liability. All other outstanding motions are DENIED AS MOOT.


DATED this    24th    day of February, 2006.


    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Court